PEOPLE v CHESEBRO

Docket No. 158915. Submitted February 2, 1994, at Grand Rapids. Decided August 15, 1994, at 9:20 A.M.

Michael J. Chesebro pleaded nolo contendere in the Allegan Circuit Court, George R. Corsiglia, J., to a charge of criminal sexual conduct in the second degree involving one victim. The court departed from the sentencing guidelines when it imposed a sentence of ten to fifteen years in prison. The defendant appealed his sentence.

The Court of Appeals *held:*

1. The trial court erred in scoring points under the sentencing guidelines for Offense Variable 6, two or more victims. Offense variables should be scored only with respect to the specific criminal transaction that gave rise to the conviction for which sentence is imposed, unless the instructions for a variable specifically direct otherwise. Because the defendant's conviction related to only one victim, no points should have been scored for OV 6 notwithstanding the fact that the defendant admitted to having engaged in similar conduct with various victims over several years. Remand is necessary for a grant or denial of resentencing depending on whether the trial court decides to impose a different sentence or the same sentence in light of the corrected scoring of the sentencing guidelines.

2. The claim that the sentence imposed violates the principle of proportionality need not be addressed now in view of a possible resentencing. The defendant may renew the claim in a subsequent appeal following remand.

3. The trial court did not interject the defendant's religion into the sentencing proceeding. The trial court's remarks were in response to comments made by the defendant at allocution.

4. Resentencing before a different judge is not required in the absence of any indication that the original judge is biased against the defendant or incapable of complying with the directions of the Court of Appeals on remand.

Remanded for further proceedings.

REFERENCES

Am Jur 2d, Criminal Law § 527.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

Sentences — Sentencing Guidelines — Offense Variables.
  Offense variables under the sentencing guidelines should be scored only with respect to the specific criminal transaction that gave rise to the conviction for which sentence is imposed unless the instructions for a variable specifically direct otherwise.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Frederick Anderson,* Prosecuting Attorney, and *Roberts A. Kengis,* Assistant Prosecuting Attorney, for the people.

*Krause & Zambon, P.C.* (by *Richard E. Zambon*), for the defendant.

Before: Holbrook, Jr., P.J., and Sawyer and J. T. Hammond,* JJ.

Sawyer, J. Defendant pleaded nolo contendere to criminal sexual conduct in the second degree. MCL 750.520c; MSA 28.788(3). He was thereafter sentenced to serve ten to fifteen years in prison. He now appeals, raising only issues regarding sentencing, not the conviction. We remand for consideration by the sentencing judge of a motion for resentencing.

Defendant raises a number of issues with respect to his sentence, one of which has merit. Defendant argues that the trial court erred in assessing ten points in the scoring of Offense Variable 6 under the sentencing guidelines. We agree.

Offense Variable 6 deals with multiple victims, and ten points are appropriate where there are two or more victims. In the case at bar, the offense for which defendant was convicted involved only one victim, but, according to the presentence investigation report, defendant has admitted to engaging in similar conduct with various victims

---

* Circuit judge, sitting on the Court of Appeals by assignment.

over the course of a number of years. It was on the basis of these other instances that the trial court assessed ten points for Offense Variable 6. Thus, the question before us is whether, as defendant argues, Offense Variable 6 refers only to the victims in the charged offense, or to any victim in any offense, as the prosecution argues. We agree with defendant.

We begin by looking at the definition of "offense variable" contained in the sentencing guidelines. The definitions section defines "offense variable" as being the factors "that are used to evaluate the seriousness of the offense." Thus, the primary focus of the offense variables is not to measure the offender, but to measure the offense.[1] Indeed, in looking at the various offense variables, both for criminal sexual conduct and other crimes, it can be readily observed that the offense variables by and large speak to the circumstances of the particular offense for which the defendant is to be sentenced. For example, Offense Variable 1 addresses the use of a weapon in the course of the crime, Offense Variable 2 addresses a physical attack on the victim, Offense Variable 3 addresses the intent to kill or injure, Offense Variable 4 addresses aggravated physical abuse involved in an offense, and so on.

In fact, the only offense variables that by their specific terms direct attention to crimes other than the one for which the defendant is being sentenced are Offense Variable 8 (continuing pattern of criminal behavior), Offense Variable 16 to a limited extent (aggravated controlled substance offense), and Offense Variable 25 in certain circumstances

---

[1] The nature of the offender is primarily measured by use of the prior record variables. This is not to say, of course, that the offense variables completely ignore the nature of the offender, only that their primary focus is on the nature of the offense.

(contemporaneous criminal acts, which can include similar acts committed within the last six months). However, to the extent those variables require consideration of offenses other than the one for which the defendant is being sentenced, the instructions specifically direct the court to consider other offenses.

If, on the other hand, we were to accept the prosecutor's invitation to read into the offense variables the idea that prior conduct may be considered in scoring the variable even absent explicit instructions to do so, absurd results could occur. For example, Offense Variable 1 involves the aggravated use of a weapon and fifteen points is appropriate if a firearm is pointed toward the victim. Under the prosecutor's rationale, fifteen points could be scored if the defendant has ever pointed a weapon at someone, during any offense, and even where no weapon was involved in the current offense. Similarly, under Offense Variable 2 (physical attack or injury), one hundred points is scored if the victim is killed. Under the prosecutor's theory, once a defendant has committed a crime in which a victim is killed and the scoring of one hundred points for Offense Variable 2 is appropriate, the defendant would always receive a score of one hundred points for Offense Variable 2 for any offense committed thereafter even though there may have been no killing in those offenses.

We think the rule that more accurately applies the sentencing guidelines is that the offense variables are to be scored only with respect to the specific criminal transaction that gives rise to the conviction for which the defendant is being sentenced unless the instructions for a variable specifically and explicitly direct the trial court to do otherwise. In this respect, the scoring of Offense Variable 6 is more akin to the scoring of Offense

Variable 12, as discussed in *People v Polus,* 197 Mich App 197; 495 NW2d 402 (1992).

In *Polus,* this Court considered. the proper scoring of Offense Variable 12, which deals with the number of criminal sexual penetrations. The trial court in *Polus* had scored fifty points, which is appropriate where there are two or more penetrations in addition to the penetration that forms the basis of the conviction. However, to conclude that there had been multiple penetrations, the trial court in *Polus* had relied upon penetrations that had occurred over the course of months or years, not just penetrations during the specific criminal transaction for which the defendant was convicted. *Id.* at 199. We reversed, concluding that only those sexual penetrations occurring during the course of the same criminal transaction were to be scored. If the prosecutor is correct in theorizing that offense variables are not specific to the crime for which the defendant is being sentenced, then *Polus* would have had to have been decided otherwise. We do not believe that *Polus* was incorrectly decided, but that the prosecutor's reasoning is flawed.

Finally, the prosecutor suggests that if Offense Variable 6 is limited to the number of victims during the same criminal transaction, then Offense Variable 25 becomes meaningless because it would cover contemporaneous criminal acts. We disagree. First, by its terms, Offense Variable 25 is not limited to the same criminal transaction. Rather, it considers all criminal acts occurring within twenty-four hours of the offense for which the offender is being sentenced or up to six months for crimes that are the same or similar in nature to the crime for which the defendant is being sentenced. Thus, the crimes that are eligible for scoring under Offense Variable 25, by the specific

instructions for the scoring of that offense variable, do not need to be part of the same criminal transaction. Moreover, Offense Variable 25 does not require the presence of multiple *victims.* Rather, Offense Variable 25 focuses on multiple criminal *acts,* regardless of the number of victims.

Furthermore, Offense Variable 6 does not necessarily require a contemporaneous criminal act. The instructions for Offense Variable 6 provide that a victim is each person who is placed in danger of injury or loss of life. It does not necessarily require that a separate criminal offense have occurred with respect to that victim. For example, in a robbery, the defendant may rob only one victim, but scoring Offense Variable 6 for multiple victims is nevertheless appropriate because there are other individuals present at the scene of the robbery who were, therefore, endangered. See *People v Day,* 169 Mich App 516; 426 NW2d 415 (1988). Thus, while there may be some overlap between Offense Variable 6 and Offense Variable 25, they are by no means duplicative in that the scoring of points under one offense variable necessarily requires the scoring of additional points under the other.

Accordingly, for the above reasons, we conclude that the trial court erred in scoring ten points for Offense Variable 6. Because there was only one victim involved in the criminal transaction for which defendant was convicted, Offense Variable 6 should be scored as zero.

There remains, however, the question of the appropriate remedy. In *Polus, supra,* we held that the appropriate remedy where there is a scoring error is to remand the matter to the trial court to determine whether resentencing is required in light of the corrected scoring. As the Court did in *Polus,* we wish to emphasize here that we are not

saying that the trial court must ignore defendant's prior conduct in determining the appropriate sentence to impose. As the *Polus* Court pointed out, just because prior conduct is not scored under the offense variable does not mean that it cannot be considered in determining where within the guidelines recommendation to sentence the defendant or be considered in deciding to depart from the guidelines recommendation. *Polus, supra* at 200. Rather, that conduct cannot be used to score the offense variable to determine the base guidelines recommendation. *Id.*

Accordingly, it is entirely possible that, even with the changed guidelines recommendation, the trial court might choose to impose the same sentence. Thus, it is premature to order a resentencing because it is not entirely clear that a resentencing will be required. Rather, consistent with the decision in *Polus,* the matter should be remanded to the trial court for the court to determine whether it would impose a different sentence in light of the changed guidelines scoring. If the court determines that it would impose a different sentence, then it may enter the appropriate order granting resentencing and bring defendant before it to be resentenced. On the other hand, if the trial court determines that its sentence would not change even in light of the correct scoring of the guidelines, then it may enter an appropriate order denying resentencing. The trial court should make its determination and enter the appropriate order within fifty-six days of the clerk's certification of this opinion.

Defendant next argues that the sentence imposed violates the principle of proportionality set forth in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). However, in light of the remand ordered on the previous issue, we believe it would

be premature to decide the proportionality question. Rather, if the trial court affirms its original sentence on remand, or imposes a shorter sentence but one which defendant believes is still disproportionate, then defendant may raise that challenge in an appeal following the remand.

Next, defendant argues that the trial court improperly interjected defendant's religion into the sentencing proceeding. We disagree. It was defendant who brought up the issue of his religion during his allocution at sentencing. The trial court's comments were merely in response to those stated by the defendant. Accordingly, we are not persuaded that the trial court improperly injected religious values into the sentencing proceeding.

Finally, defendant argues that he should be resentenced before a different judge. We see no need to assign this matter to a different judge. As explained above, the trial court did not consider improperly defendant's religious values in fashioning the sentence, nor has defendant shown that the trial court has exhibited a bias toward defendant. Defendant suggests that the trial court would have a difficult time setting aside its previously expressed views concerning the scoring of Offense Variable 6. We, however, see no reason to believe that the trial court cannot reconsider this issue in light of properly scored sentencing guidelines and determine whether resentencing is required. As noted above, the mere fact that defendant's prior conduct is not properly scored under Offense Variable 6 does not mean that it cannot be considered by the trial court in fashioning defendant's sentence. It only means that the trial court must consider the appropriate sentence to impose in light of a somewhat reduced recommendation under the sentencing guidelines. That reduced recommendation may or may not translate into

the trial court deciding that a shorter sentence is appropriate.

We suspect that the trial court will again depart from the sentencing guidelines and may even re-affirm its original sentence in light of the comments made at sentencing. However, that does not translate into an automatic conclusion that such a sentence would be disproportionate under *Milbourn*. Because there is no reason to believe that the trial court cannot properly comply with our directions on remand, we see no need to direct assignment to a different judge. If defendant has objections to the manner in which the remand is handled or to the sentence that he ultimately receives following remand, be it affirmation of the original sentence or the imposition of a new sentence, he may pursue the appropriate remedies in an appeal following remand.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.