**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Joseph Ottis McCLUNG, Sr., Defendant and Appellant.**

Cr. No. 940202.

Supreme Court of North Dakota.

March 16, 1995.

Timothy C. Wilhelm, Asst. State's Atty., Courthouse, Minot, for plaintiff and appellee.

Richard B. Thomas, Minot, for defendant and appellant.

VANDE WALLE, Chief Justice.

Joseph Ottis McClung appealed a judgment of conviction for the crime of Gross Sexual Imposition by the district court, Northwest Judicial District. We hold the judge did not rely upon religion in imposing sentence. We affirm.

McClung was convicted after pleading guilty to committing the crime of Gross Sexual Imposition with a nine-year-old male victim. During the sentencing hearing but prior to imposition of sentence, McClung, an ordained minister, stated:

> "Your Honor, I confess my sins. I have entered my plea. I have repented and been forgiven by my Lord and Saviour Jesus Christ. My wife, my family, my church family and many friends have also forgiven me. I ask the boy, his parents, his grandparents, his family and any and all others I have offended as well as the people of this State and this Court for forgiveness and mercy. I am grieved and sorry for the hurt I have caused. Please forgive me. Grant me mercy and pray for me. I have learned a hard lesson and I assure you it will not happen again."

The trial court sentenced McClung to ten years in the state penitentiary, to serve a minimum of four of those years with the remaining six years suspended. The state had recommended a three-year minimum. While explaining the sentence, the trial court stated, "Another thing that bothers me. You did abuse the position of trust, not only the position you had, but the capacity you held in Christendom. What you have done certainly isn't going to enhance either your profession or Christendom."

McClung argues that this statement is evidence that the trial court improperly considered religion in arriving at the sentencing decision. We disagree.

■ Trial judges are allowed a wide range of discretion in criminal sentencing. *State v. Warmsbecker,* 466 N.W.2d 105 (N.D.1991). On appeal, we are limited to "determining

only whether the judge acted within the limits prescribed by statute, or substantially relied on an impermissible factor." *Id.* at 110.

■ McClung's sentence is well within the statutory limits. *See* N.D.C.C. §§ 12.1–20–03(3) and 12.1–32–01(3). Thus, in order for us to disturb the sentencing decision, McClung must show that the trial court "substantially relied" on an impermissible factor in determining the sentence. *Warmsbecker, supra.* After reviewing the transcript of the sentencing hearing, we are not convinced that the trial judge substantially relied on McClung's religious beliefs in determining his sentence.

McClung introduced the subject of his religion into the sentencing hearing in an effort to convince the court to mitigate his sentence. The judge's comment about "Christendom" was merely a response to this plea and does not illustrate substantial reliance on religion as a factor in sentencing. *See, e.g., People v. Chesebro,* 206 Mich.App. 468, 522 N.W.2d 677 (1994).

Further, the comment was made in the context of discussing McClung's position of trust within the church community. Among the factors that the legislature requires sentencing judges to consider is whether "[t]he defendant did not abuse a public position of responsibility or trust." N.D.C.C. § 12.1–32–04(13). Thus, the judge's comments do not suggest reliance on an impermissible factor. They do illustrate the judge's awareness of the factors that the legislature has decided "shall be afforded weight." *Id.*

We find no evidence that the trial court substantially relied on an impermissible factor in sentencing McClung. We affirm.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.