PEOPLE v GULLETT

Docket No. 273013. Submitted September 25, 2007, at Lansing. Decided November 15, 2007, at 9:05 a.m.

Joseph W. Gullett pleaded no contest in the Calhoun Circuit Court to a charge of first-degree criminal sexual conduct involving a 10-year-old victim. In exchange for the plea, several other charges were dropped, including a charge of gross indecency between a male and a female that was founded on an allegation that, during a game of truth or dare with the 10-year-old victim, her young brother, and her 12-year-old girlfriend, the defendant dared the 10-year-old victim to kiss the tip of his exposed penis, and she complied. The court, Allen L. Garbrecht, J., sentenced the defendant as a fourth-offense habitual offender to 50 to 75 years in prison. The defendant filed a delayed application for leave to appeal, claiming that the court erroneously scored offense variable (OV) 9 at 10 points in reliance on the fact that multiple victims were involved in the dismissed charge of gross indecency. The defendant claimed that OV 9 should have been scored at zero points because there was only one victim involved in the offense for which he entered his plea. The Court of Appeals, METER, P.J., and SCHUETTE and BORRELLO, JJ., denied the delayed application for leave to appeal in an unpublished order, entered December 12, 2005 (Docket No. 266528). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration, as on leave granted, of the claim regarding the scoring of OV 9. 477 Mich 851 (2006).

The Court of Appeals *held*:

The determination of a defendant's OV 9 score is properly limited to the number of victims endangered during the offense being scored and may not include victims in related, but uncharged, offenses. The trial court erred in considering victims who were not involved in the specific offense that gave rise to the conviction for which the sentence was being imposed.

Sentence vacated and case remanded for resentencing; affirmed in all other respects.

SENTENCES — OFFENSE VARIABLES — NUMBER OF VICTIMS.

A sentencing court determining a defendant's score on offense

variable 9 regarding the number of victims must consider only the victims involved in the offense for which the sentence is being imposed and may not consider victims in related, but uncharged, offenses (MCL 777.39).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *John A. Hallacy*, Prosecuting Attorney, and *Jennifer Kay Clark*, Assistant Prosecuting Attorney, for the people.

*Law Offices of Suzanna Kostovski* (by *Suzanna Kostovski*) for the defendant.

Before: ZAHRA, P.J., and WHITE and O'CONNELL, JJ.

O'CONNELL, J. Our Supreme Court remanded this case to us for consideration as on leave granted the question whether the trial court correctly assessed defendant 10 points for offense variable (OV) 9, MCL 777.39.[1] 477 Mich 851 (2006). Defendant's lone appellate issue stems from his conviction in Calhoun Circuit Court Docket No. 04-002057-FC following a plea of no contest to a charge of first-degree criminal sexual conduct (CSC I), the victim being under 13 years of age, MCL 750.520b(1)(a). Over an objection, the trial court scored OV 9 at 10 points for the CSC I offense and sentenced defendant to 50 to 75 years in prison. Because the trial court erroneously scored OV 9 at 10 points, we vacate that sentence, and only that sentence, and remand for resentencing in Calhoun Circuit Court Docket No. 04-002057-FC. We affirm in all other respects. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

---

[1] The 10-point score relates only to defendant's sentence in Calhoun Circuit Court Docket No. 04-002057-FC, and we are limiting our appellate review accordingly. In Calhoun Circuit Court Docket No. 04-002058-FC, defendant was also sentenced to 50 to 75 years in prison. We do not disturb that sentence.

The appeal before us involves only Calhoun Circuit Court Docket No. 04-002057-FC, which concerned the defendant's penetration of the 10-year-old victim's vagina with his tongue. Following defendant's plea of no contest, the trial court convicted defendant of CSC I. In return for defendant's plea, the prosecutor dismissed several other charges, including a charge of gross indecency between a male and a female, MCL 750.338b. The gross indecency charge was founded on the allegation that, during a game of truth or dare with the 10-year-old victim, her young brother, and her 12-year-old girlfriend, defendant dared the victim to kiss the tip of his exposed penis, and she complied.

The evidence indicates that the victim's 12-year-old friend also suffered extensive sexual abuse at the hands of defendant. Specifically, the evidence strongly suggests that defendant repeatedly had sexual intercourse with the victim's friend. That alleged conduct formed the basis for multiple charges of CSC I against defendant in Calhoun Circuit Court Docket No. 04-002058-FC. There, the trial court also accepted defendant's no-contest plea to one count of CSC I, and the prosecutor, in exchange for the plea, dropped several other charges.

On the basis of his plea, defendant was convicted in Calhoun Circuit Court Docket No. 04-002057-FC of one count of CSC I, and was sentenced as a fourth-offense habitual offender, MCL 769.12. The sentencing guidelines were adjusted for defendant's status as a fourth-offense habitual offender under MCL 777.21(3)(c), which resulted in a minimum sentence range of 225 to 750 months. At the sentencing hearing, defendant objected to the scoring of OV 9 at 10 points, which would only be appropriate if there were two to nine victims involved. Although the trial court did not score

any points for OV 9 in the case involving the victim's 12-year-old friend, the trial court relied on the prosecutor's argument that the dismissed charge of gross indecency in the case involving the 10-year-old victim involved both girls, so the 10-point score was deemed appropriate in that case. The trial court sentenced defendant as a fourth-offense habitual offender to concurrent terms of 50 to 75 years in prison for each conviction.

The proper interpretation and application of sentencing guidelines are legal questions that we review de novo. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). Offense variable 9 is properly scored at 10 points if "[t]here were 2 to 9 victims . . . ." MCL 777.39(1)(c). If only one victim was endangered, then a defendant receives no points for OV 9. MCL 777.39(1)(d). Each person placed in danger of injury is to be counted as a victim. MCL 777.39(2)(a).[2]

At issue is whether the determination of a defendant's OV 9 score should be limited to the number of victims endangered during the offense being scored or may include victims in related, but uncharged, offenses. In *People v Chesebro*, 206 Mich App 468, 471; 522 NW2d 677 (1994), this Court addressed a similar issue involving OV 6 of the former judicial sentencing guidelines, which substantially corresponds, in relevant part, to the current statutory structure of OV 9. In *Chesebro*, we held that the calculation of victims was limited to those victims involved in the specific transaction that gave rise to the particular conviction for which the sentence is being imposed. *Id.* Here, the record clearly reflects that defendant was convicted of and is to be sentenced for only one charge in Calhoun Circuit Court Docket

---

[2] MCL 777.39 was amended effective March 30, 2007, but that amendment has no effect on our analysis in this case.

No. 04-002057-FC. That conviction was indisputably founded on the fact that, while in defendant's bedroom, defendant penetrated the 10-year-old victim's vagina with his tongue. No evidence suggests that another child was present at the time. Therefore, contrary to our holding in *Chesebro*, the sentencing court looked beyond the criminal transaction that supported the conviction when it scored 10 points for OV 9.

The sentencing court's score also contravened the plain, unambiguous language of the legislative sentencing guidelines. Defendant was sentenced here as an habitual offender under MCL 769.12. Whenever a defendant is sentenced as a repeat offender under MCL 769.12, the sentencing court must first "determine the offense category, offense class, offense variable level, and prior record variable level *based on the underlying offense.*" MCL 777.21(3) (emphasis added). It is expressly the score for the underlying offense that the sentencing guidelines will then adjust for the defendant's recidivism. MCL 777.21(3). However, the trial court in this case scored OV 9 at 10 points for multiple victims because other children were present during an uncharged offense that was not the "underlying offense" substantiating defendant's conviction or necessitating the sentence calculation. It then erroneously adjusted that score on the basis of defendant's criminal history. Because the "offense" that was "underlying" defendant's CSC I conviction involved only one victim, the trial court improperly scored OV 9 at 10 points instead of zero.

Had OV 9 been scored at zero, the sentencing guidelines would have recommended an adjusted minimum term range of 171 to 540 months, 210 months shorter than the erroneously calculated range and 60 months shorter than the minimum sentence imposed. Defen-

dant is entitled to be resentenced under properly scored guidelines.

We vacate defendant's sentence of 50 to 75 years in prison for his CSC I conviction in Calhoun Circuit Court Docket No. 04-002057-FC, and remand this matter for resentencing on that conviction only. We affirm in all other respects. We do not retain jurisdiction.