# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALLEN CLIFFORD MCKENZIE,

Defendant-Appellant.

UNPUBLISHED
April 28, 2016

No. 325652
Isabella Circuit Court
LC No. 2014-001372-FH

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was convicted of aggravated indecent exposure (AIE), MCL 750.335a(2)(b), for which the trial court, departing from the sentencing guidelines (intermediate sanction cell), imposed a sentence of 16 to 24 months' imprisonment, as well as being convicted of simple assault and battery, MCL 750.81, for which he was sentenced to a term of 93 days. We affirm.

Defendant first argues that there was insufficient evidence to support the AIE conviction, given that the prosecution failed to prove, in addition to showing that defendant openly or indecently exposed his genitals, which is not in dispute, that defendant "was fondling his . . . genitals," MCL 750.335a(2)(b), when he exposed himself. The entire premise of defendant's argument is that the term "fondling," as used in MCL 750.335a(2)(b), has a sexual connotation, and that the evidence did not reflect that his act of exposing his penis at the county jail was sexual in nature, but was instead fueled by an intoxicated fit of rage.

We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence, whether direct or circumstantial, in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every

-1-

reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

We find it unnecessary to specifically determine whether "fondling" under MCL 750.335a(2)(b) has a sexual component to it, such that it requires a prosecutor to prove that the charged act was sexual in nature. Assuming that the prosecution in this case had to establish that defendant's conduct in exposing and handling his penis was sexual in nature or had a sexual aspect to it, the evidence, when viewed in a light most favorable to the prosecution, supported the AIE conviction. The corrections supervisor at the county jail testified that defendant pulled his penis out, showed it to the supervisor, "stroke[d] it a couple of times," and told the supervisor to "suck his d**k, suck his c**k." Although defendant may have been intoxicated and motivated by anger and distain, the masturbatory movements in conjunction with the fellatio commands were sexual in nature and imbued with graphic sexual characteristics.

Furthermore, consistent with M Crim JI 20.33(4), the trial court instructed the jury that the prosecution had to prove beyond a reasonable doubt "that the Defendant was fondling his genitals." And defendant, as well as the prosecutor, requested this instruction, absent any additional request for the trial court to provide an accompanying instruction that defined "fondling," let alone one that incorporated a sexual component. In light of the evidence that defendant stroked his penis, a reasonable juror could conclude that defendant had been "fondling his genitals" while in the county jail. Reversal is unwarranted.

Defendant next argues that the trial court erred in assessing 10 points for offense variable (OV) 4, MCL 777.34(1)(a) (serious psychological injury), and 25 points for OV 19, MCL 777.49(a) (conduct threatened security of penal institution). These were the only OVs for which defendant was assessed points. Defendant's minimum sentence range was 0 to 17 months, MCL 777.68, placing him in an intermediate sanction cell, MCL 769.34(4)(a), precluding, at the time of sentencing, imposition of a prison sentence absent substantial and compelling reasons for a departure. We initially note that even had defendant's total OV score been zero points, he still would have fallen within an intermediate sanction cell, although the guidelines range would have been 0 to 9 months, MCL 777.68. We further note that although the scores for OVs 4 and 19 were clearly based on judicial fact-finding and were not encompassed by the jury's verdict or supported by facts admitted by defendant, he does not present a right-to-jury-trial argument under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), with respect to the scoring of the OVs.

Under the sentencing guidelines, this Court reviews a trial court's factual determinations for clear error, *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), which exists if this Court is "definitely and firmly convinced that [the sentencing court] made a mistake" after reviewing the entire lower court record, *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). The trial court's factual findings must be supported by a preponderance of the evidence. *Hardy*, 494 Mich at 438. This Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute." *Id.* This Court also reviews de novo, as a question of law, the proper interpretation of the sentencing guidelines. *People v Gullett*, 277 Mich App 214, 217; 744 NW2d 200 (2007).

-2-

We hold that OV 19 was properly assessed at 25 points, making it unnecessary to review OV 4, given that even if OV 4 should have been scored at zero instead of 10 points, it would not change defendant's current OV level and placement in the class G grid, MCL 777.68. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required."). OV 19 is to be assessed at 25 points when "[t]he offender by his or her conduct threatened the security of a penal institution or court." MCL 777.49(a). In the instant case, there was evidence that after defendant was taken into custody and while in the process of being booked and lodged into the county jail, he acted uncooperatively, belligerently, threateningly, and in an almost assaultive manner, requiring the police to restrain him in a holding cell chained to a ring attached to the cell's concrete wall. There was no clear error by the trial court in assessing 25 points for OV 19.

Finally, defendant argues that the departure was not supported by substantial and compelling reasons as required by MCL 769.34(4)(a). The substantial and compelling standard for departures is no longer applicable, or at least under the circumstances here where the trial court engaged in judicial fact-finding in scoring the OVs; rather, "[a] sentence that departs from the applicable guidelines range will [now] be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. Pursuant to a recent decision by this Court in *People v Schrauben*, __ Mich App __; __ NW2d __ (2016), we must affirm the AIE sentence, given that there effectively was no departure from the guidelines range for purposes of MCL 769.34(4)(a) under the *Schrauben* panel's construction of that statutory provision, as guided by *Lockridge*. In *Schrauben*, the defendant, who was subject to a minimum sentence range of 0 to 17 months, was sentenced to 16 months' imprisonment for multiple fraudulent insurance acts. *Schrauben*, __ Mich App at __; slip op at 1 and 6. The defendant argued that the trial court's reasoning for departing from a sentence within the intermediate sanction cell was not substantial and compelling. *Id.* at __; slip op at 6. This Court began its analysis by examining the language in MCL 769.34(4)(a), which provides:

> (4) Intermediate sanctions shall be imposed under this chapter as follows:

> (a) If the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines set forth in chapter XVII is 18 months or less, the court shall impose an intermediate sanction unless the court states on the record a substantial and compelling reason to sentence the individual to the jurisdiction of the department of corrections. An intermediate sanction may include a jail term that does not exceed the upper limit of the recommended minimum sentence range or 12 months, whichever is less. [[1].]

---

[1] MCL 769.34(4)(a) required a sentencing court to set forth a substantial and compelling reason for imposing a prison sentence, even if the minimum length of the sentence did not exceed the upper end of the range established under the guidelines. *People v Stauffer*, 465 Mich 633, 636; 640 NW2d 869 (2002). For example, even if a defendant were sentenced to 17 months' imprisonment with the Department of Corrections under a guidelines range of 0 to 18 months, a substantial and compelling reason was required to justify the prison sentence, despite the

The *Schrauben* panel, relying on *Lockridge*, stated that it was necessary to "replace the word 'shall' in MCL 769.34(4)(a) with the word 'may' " and to strike down the substantial and compelling language found in MCL 769.34(4)(a). *Schrauben*, __ Mich App at __; slip op at 6. This Court ruled that "[p]ursuant to the broad language of *Lockridge*, under subsection (4)(a), a trial court may, but is no longer required to, impose an intermediate sanction if the upper limit of the recommended minimum sentence range is 18 months or less." *Id.* The *Schrauben* panel then held:

> In this case, defendant's recommended minimum sentence was zero to 17 months' imprisonment. The trial court sentenced defendant to 16 months in prison, which is within the range authorized by law. . . . Where a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information. MCL 769.34(10). Defendant does not dispute that his sentence was within the recommended minimum guidelines range, and he does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines. Therefore, this Court must affirm the sentence. [*Id.* at __; slip op at 6-7.]

As reflected in this holding, the Court found that there was no departure when viewed in the context of the *original sentencing guidelines range*, not an intermediate sanction cell. Here, defendant's minimum sentence range was 0 to 17 months, and the trial court imposed a minimum sentence of 16 months' imprisonment relative to the AIE conviction. Thus, under *Schrauben*, there effectively is no departure to review.

Affirmed.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

sentence falling within the scored guidelines range. When an intermediate sanction sentence was mandated by MCL 769.34(4)(a), the imposition of a prison sentence constituted a departure. *People v Alspaugh*, 480 Mich 919, 919; 739 NW2d 874 (2007) ("The defendant's sentence is a departure from the twelve-month maximum jail sentence required by MCL 769.34(4)(a). On remand, the circuit court shall either sentence the defendant to an intermediate sanction or state on the record a substantial and compelling reason to sentence the defendant to the Department of Corrections, in accordance with MCL 769.34(4)(a).").