# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 20, 2017

Plaintiff-Appellee,

v

No. 330762
Wayne Circuit Court
LC No. 15-006895-01-FC

CHRISTOPHER REMINGTON LAWRENCE,

Defendant-Appellant.

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of assault with intent to commit murder (AWIM), MCL 750.83, discharging a firearm from a motor vehicle causing physical injury, MCL 750.234a(1)(b), carrying a dangerous weapon with unlawful intent, MCL 750.226, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE CHALLENGE

Defendant argues that his AWIM conviction was not supported by sufficient evidence because the evidence did not establish that he had the requisite intent to kill. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). We consider the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could conclude that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (citation omitted). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). "[C]ircumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *Solloway*, 316 Mich App at 180-181.

MCL 750.83 states, in relevant part: "Any person who shall assault another with intent to commit the crime of murder, shall be guilty of a felony[.]" In order to prove an AWIM charge, the prosecution must establish beyond a reasonable doubt the following elements: "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011) (quotation marks and citation

omitted). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). The "[i]ntent to kill may be inferred from . . . the use of a deadly weapon." *People v Henderson*, 306 Mich App 1, 11; 854 NW2d 234 (2014). The intent to kill may also be shown circumstantially by a defendant's "motive to kill, along with flight and lying, which may reflect a consciousness of guilt." *Id.*

In this case, ample evidence supports an inference that defendant possessed the intent to kill. Specifically, defendant engaged in a verbal altercation with at least one person at the party while he was parked in the driveway. Defendant testified that he felt the people at the party were "starting trouble," and he told them to "fall back" after they were being "very hostile." Defendant said he drove away from the location because he was "afraid." Despite claiming that he was in fear, defendant returned to the scene of the altercation within 10 minutes. Defendant's two children were in the car, and defendant was illegally carrying a firearm. As soon as his girlfriend got in the car, defendant fired several shots toward the party. Defendant was only 30 feet away from a five-person group when he aimed and fired the gun multiple times towards the group. Defendant hit one man in the leg, shattering his femur. The gun was not registered to defendant. Detroit Police Detective Gentry Shelby explained that, in his 14 years' experience as an investigator, it is common for criminals to use guns that are not registered to them. After firing the unregistered and illegally carried gun, defendant drove away from the scene and threw the gun in the sewer without calling the police. Considering the evidence in the light most favorable to the prosecution, the jury had ample evidence to draw inferences from and conclude that defendant possessed the requisite intent to kill. See *Solloway*, 316 Mich App at 180-181; *Henderson*, 306 Mich App at 11; *Kanaan*, 278 Mich App at 622. Accordingly, defendant's challenge to the sufficiency of the evidence in support of his AWIM conviction is without merit.

## II. SENTENCING CHALLENGE

Defendant also argues that his sentence was based on improperly scored offense variables (OV); specifically, OV 3 and OV 12. We disagree.

The trial court's factual determinations are reviewed for clear error and need only be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Clear error exists if we are left with a definite and firm conviction that the trial court made a mistake. *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . is a question of statutory interpretation," which we review de novo. *People v Steanhouse*, 313 Mich App 1, 38; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016), quoting *Hardy*, 494 Mich at 438. We also review de novo, as a question of law, the proper interpretation of the sentencing guidelines. *People v Gullett*, 277 Mich App 214, 217; 744 NW2d 200 (2007).

Defendant first argues that the trial court erred when it assessed 25 points for OV 3 because the evidence did not show that the victim's injury was permanent. A score of 25 points may be appropriate where a "[l]ife threatening or permanent incapacitating injury occurred to a victim[.]" MCL 777.33(1)(c). Regarding OV 3, the trial court made the following finding:

I do recall [the victim's] testimony with regard to [his] shattered femur. He said, I believe, he hopes to be able to walk again in about 18 months, that's hoping. Anytime you have that kind of extensive surgery and the reconstruction of a leg, you are going to continue to have difficulties and I believe that . . . the fact that he's been in a wheelchair since this happened and is likely to be for at least another 18 months or . . . 2 years, he is . . . quite incapacitat[ed]; and then *even if* he is able to walk again, that doesn't mean he's going to be able to do the same things he did previously; and . . . even though he may be able to get enough strength to be able to walk on that leg, he certainly will not be able to do the same things.

The victim testified that he had been in a wheelchair since he was shot and that he might be able to get out of it in "a year-and-a-half." He further testified that he was in physical therapy, he could not shower or use the toilet by himself, and that that he could not sleep through the night. No medical records or expert testimony was submitted as evidence; however, medical testimony is not necessary to prove that a victim suffered a permanent or life-threatening injury. *People v McCuller*, 479 Mich 672, 697 n 19; 739 NW2d 563 (2007). Considering the record evidence, the trial court could have concluded by a preponderance of evidence that the victim's injury was permanent and, thus, properly scored OV 3 at 25 points.

Defendant also argues that the trial court should have assessed OV 12 at zero points because there were no additional contemporaneous felonious criminal acts which did not result in a separate conviction. We disagree.

Under MCL 777.42, a trial court must assess 25 for points for OV 12 when "[t]hree or more contemporaneous felonious criminal acts involving crimes against a person were committed . . . within 24 hours of the sentencing offense [and] . . . [t]he act has not and will not result in a separate conviction." MCL 777.42(1)(a), (2)(a)(*i*), and (2)(a)(*ii*). However, "when scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

Defendant argues that the other charged offenses, i.e., discharging a firearm from a motor vehicle causing physical injury, carrying a dangerous weapon with unlawful intent, CCW, and felony-firearm, were improperly used by the trial court to score OV 12. We disagree; the record does not support this argument. Specifically, the trial court found:

The People could have charged the defendant with at least four additional crimes for either assault with intent to do great bodily harm or murder or even felonious assault with . . . a dangerous weapon; and they chose not to charge him for those crimes and focused only on the one individual who was injured in the assault. I do find that . . . would constitute three or more contemporaneous felonious criminal acts involving crimes against a person.

Defendant also argues that the trial court improperly found that the people standing in the front yard with the shooting victim were assaulted as well. We disagree. Besides the shooting victim, there were at least five other people outside during the shooting, including two children.

And they were only 30 feet away when defendant shot in their direction with a .38 caliber gun while it was dark outside. Based on their proximity to the gun's noise and muzzle flash, they were all certainly aware that a gun was being fired near them, and the trial court could reasonably infer that they were in fear, thus establishing, at a minimum, felonious assault. See MCL 750.82(1); *People v Etchison*, 123 Mich App 448, 453; 333 NW2d 309 (1983) (defining an assault as "an attempted battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.")

Further, the trial court heard testimony that defendant shot up to five times. Only the first gunshot was required to establish defendant's underlying conviction. The other gunshots constitute "separate acts or behavior that did not establish the sentencing offense." *Light*, 290 Mich App at 723. Because each additional gunshot was a unique assault on each additional person in the front yard, which occurred within 24 hours of the sentencing offense but did not result in separate convictions, the trial court did not err when it assessed 25 points under OV 12. Because both OVs were scored correctly, defendant is not entitled to resentencing.

To the extent defendant challenges his sentence based on reasonableness, his claim is without merit. Defendant asserts that, if he were to prevail on his scoring challenges, the recommended minimum sentencing guidelines range would be 135 to 225 months. See MCL 777.62. Defendant's minimum sentence is 216 months. Therefore, defendant's sentence would not constitute a departure sentence and he would not be entitled to a reasonableness determination. See *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015).

Affirmed.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause

-4-