# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 10, 2017

Plaintiff-Appellee,

v

No. 332693
St. Clair Circuit Court
LC No. 15-001824-FC

CARL FRAZIER THOMPSON,

Defendant-Appellant.

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Pursuant to a guilty plea, defendant was convicted of two counts of first-degree criminal sexual conduct (CSC I) (multiple variables), MCL 750.520b, second-degree CSC (CSC II) (multiple variables), MCL 750.520c, two counts of CSC II (persons under the age of 13), MCL 750.520c(1)(a), and failure to register as a sex offender, MCL 28.729. Defendant was sentenced as a third-habitual offender, MCL 769.11, to 22 to 50 years' imprisonment for two counts of CSC I, 20 to 30 years' imprisonment for all three counts of CSC II, and five to eight years' imprisonment for failing to register as a sex offender. In addition, the trial court sentenced defendant to lifetime electronic monitoring. Defendant appeals by leave granted.[1] We affirm defendant's convictions but remand for resentencing.

During the months of February through June 2015, defendant was living with his partner and her two minor daughters, KG and DC. Starting March 2015, and occurring approximately every other night, defendant orally and digitally touched DC in her private area. Defendant also penetrated DC vaginally and anally. On other days, defendant coerced DC into touching his genitals at home and in defendant's truck. Defendant also touched KG in her private area at least twice. On both occasions, defendant approached KG when she was alone in the house. According to both KG and DC, defendant threatened each girl not to tell anyone about the incidents. The police apprehended defendant in July of 2015.

---

[1] *People v Thompson*, unpublished order of the Court of Appeals, entered June 3, 2016 (Docket No. 332693).

On appeal, defendant argues that the trial court improperly assigned 10 points to offense variable (OV) 9, 15 points to OV 10, and 25 points to OV 11. We agree with defendant as to the misscoring of OV 9 only. As a result, defendant is entitled to resentencing.

> Under the sentencing guidelines, a trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred. This Court reviews de novo whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute. When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR [presentence investigation report]. [*People v Thompson*, 314 Mich App 703, 708-709; 887 NW2d 650 (2016) (internal quotation marks and citations omitted).]

In *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006), the Supreme Court confirmed that "if a minimum sentence falls within the appropriate guidelines range, a defendant is not entitled to resentencing unless there has been a scoring error or inaccurate information has been relied upon."

> To calculate the appropriate guidelines range, a court must determine the offense category and which offense variables apply, score the offense variables, total the points to determine the offender's offense variable level, and then assess points for the prior record variables to determine the offender's prior record variable level. [*People v Wiggins*, 289 Mich App 126, 129; 795 NW2d 232 (2010).]

In the present case, defendant's CSC I offense is statutorily categorized as a Class A offense. MCL 777.16y. As a result of the trial court's OV point assessment, defendant's total OV score of 105 points placed him in OV level VI. Pursuant to MCL 777.62, defendant's guidelines range was 270 to 675 months.

Defendant argues that the trial court improperly assessed 25 points for OV 11. We disagree.

MCL 777.41 states, in pertinent part:

(1) Offense variable 11 is criminal sexual penetration. Score offense variable 11 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

* * *

(b) One criminal sexual penetration occurred ………………………….... 25 points

* * *

(2) All of the following apply to scoring offense variable 11:

(a) Score all sexual penetrations of the victim by the offender arising out of the sentencing offense.

* * *

(c) Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense.

Our Supreme Court has explained that "arising out of the sentencing offense means that the sexual penetration of the victim must result or spring from the sentencing offense." *People v Johnson*, 474 Mich 96, 100; 712 NW2d 703 (2006) (internal quotation marks and citation omitted). All sexual penetrations that "occurred at the same place, under the same set of circumstances, and during the same course of conduct" may be considered when scoring OV 11. *Id.* (internal quotation marks and citation omitted). However, sexual penetrations forming the basis of a first- or third-degree CSC offense may not be counted toward the OV 11 score. MCL 777.41(2)(c).

Defendant argues that the sexual penetrations all occurred on separate occasions, and thus, multiple penetrations may not be counted under the same sentencing offense. MCL 750.520a(r) defines sexual penetration as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body[.]" A family acquaintance reported that she and DC talked about defendant sexually assaulting DC. During their conversations, DC explained that defendant performed cunnilingus on DC, and then "put his fingers in her vagina and her bottom." During the sentencing hearing, the prosecutor confirmed that "based upon . . . the investigation . . . there was at least one incident where there were two forms and types of penetration." Defendant's trial attorney admitted that DC "indicated there was touching on one incident and the second one where there were the two penetrations . . . ." Based on the record, there was one incident where defendant penetrated DC at least twice. Since defendant sexually penetrated DC at least twice in her bedroom, under the same set of circumstances, and during the same course of conduct, the trial court properly assigned 25 points for OV 11.

Defendant next argues that the trial court improperly assigned 15 points for OV 10. We disagree.

MCL 777.40 states, in pertinent part:

(1) Offense variable 10 is exploitation of a vulnerable victim. Score offense variable 10 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) Predatory conduct was involved ........................................................ 15 points

* * *

(2) The mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability.

(3) As used in this section:

(a) "Predatory conduct" means preoffense conduct directed at a victim . . . for the primary purpose of victimization.

(b) "Exploit" means to manipulate a victim for selfish or unethical purposes.

(c) "Vulnerability" means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation.

Thus, MCL 777.40(1)(a) means that "predatory conduct was involved in exploiting a vulnerable victim." *People v Johnson*, 298 Mich App 128, 133; 826 NW2d 170 (2012) (internal quotation marks omitted). Defendant only challenges whether predatory conduct was involved.

The Supreme Court has clarified that "predatory conduct . . . is behavior that is predatory in nature, precedes the offense, [and is] directed at a person for the primary purpose of causing that person to suffer from an injurious action[.]" *People v Huston*, 489 Mich 451, 457-458; 802 NW2d 261 (2011) (internal quotation marks and citation omitted). Here, the PSIR explained that before defendant sexually assaulted DC, defendant made noises to call DC to him. The trial court appropriately found that defendant directed a noise at DC for the primary purpose of victimizing her. In addition, defendant's behavior was predatory in nature because defendant lay on the couch and waited until DC was alone before making a specific noise and proceeding with the sexual conduct. Furthermore, defendant again waited for everyone to fall asleep before approaching DC in her bedroom and sexually assaulting her. Defendant's actions were predatory in nature because defendant waited to isolate DC before sexually assaulting her. See *People v Kosik*, 303 Mich App 146, 160; 841 NW2d 906 (2013) ("The timing of an offense, including . . . waiting until the victim is alone before victimizing . . . her, may be evidence of predatory conduct.") Because defendant's predatory behavior preceded the victimization of DC, assigning 15 points for OV 10 was proper.

Defendant finally argues that the trial court improperly assessed 10 points for OV 9 because it should have been assessed zero points. We agree.

MCL 777.39 states, in pertinent part:

(1) Offense variable 9 is number of victims. Score offense variable 9 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

* * *

(c) There were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss . . . 10 points

* * *

(2) All of the following apply to scoring offense variable 9:

(a) Count each person who was placed in danger of physical injury or loss of life or property as a victim.

In *People v Sargent*, 481 Mich 346, 350; 750 NW2d 161 (2008), our Supreme Court stated that "only people placed in danger of injury or loss of life when the sentencing offense was committed (or, at the most, during the same criminal transaction) should be considered." Furthermore, in *People v McGraw*, 484 Mich 120, 133-134; 771 NW2d 655 (2009), our Supreme Court clarified that "OV 9 does not provide for consideration of conduct after completion of the sentencing offense." Thus, a score of 10 points for OV 9 is appropriate when 2 to 9 victims were placed in danger of physical injury at the time of the sentencing conduct. *Id*. at 132.

Defendant argues that only DC was present at the time defendant raped her. Thus, only one victim was present, and OV 9 should be assigned zero points. This Court has held that scoring OV 9 at 10 points was improper when "[n]o evidence suggests that another child was present at the time [of the sentencing conduct]." *People v Gullett*, 277 Mich App 214, 218; 744 NW2d 200 (2007). "Because the offense that was underlying defendant's CSC I conviction involved only one victim, the trial court improperly scored OV 9 at 10 points instead of zero." *Id*. (quotation marks omitted).

The present case is similar to *Gullett*. Defendant isolated DC before sexually assaulting her. There is no evidence that another victim was physically present during the underlying CSC I offense. Thus, DC was the only victim that was physically present during the sexual assault. Accordingly, only one victim was placed in danger of physical injury at the time of the sentencing offense, and the trial court should have assessed zero points for OV 9. See *McGraw*, 484 Mich at 135.

In light of the trial court's sentencing error for OV 9, the total OV score is reduced from 105 to 95. Because an OV score of 95 places defendant in OV level V and not VI, see MCL 777.62, defendant is entitled to resentencing, *Francisco*, 474 Mich at 88.

Affirmed in part and remanded for resentencing. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

-5-