# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LAMAR ALEXANDER CARTER,

Defendant-Appellant.

UNPUBLISHED
February 15, 2018

No. 335333
Wayne Circuit Court
LC No. 16-002798-01-FC

Before: TALBOT, C.J., and METER and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of second-degree murder, MCL 750.317; felonious assault, MCL 750.82; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to concurrent prison terms of 25 to 40 years for the murder conviction and two to four years for the assault conviction, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction. We affirm.

A jury convicted defendant of fatally shooting Sean Key and assaulting Itterlee McNeil at Play Atlantis, an entertainment complex in Melvindale, on February 13, 2016. The prosecution presented evidence that two different families, with a tempestuous history, were coincidentally having separate children's birthday parties at the complex on the same evening. Various altercations occurred among several of the attendees. Ultimately, defendant left the complex, returned with a gun, and entered the party room where members of the other family were preparing to leave the premises. Defendant approached Itterlee and pointed the gun toward her face. Key was behind Itterlee and bent down to protect some nearby children. As Itterlee ducked, defendant fired the gun. The gunshot struck Key in the head, instantly causing his death. A Play Atlantis surveillance video camera captured the incident, and other witnesses identified defendant as the shooter.

## I. SCORING OF OV 5 AND OV 9

On appeal, defendant argues that he is entitled to be resentenced because the trial court erroneously scored offense variable (OV) 5 and OV 9 of the sentencing guidelines. We disagree. When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to

satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

## A. OV 5

"OV 5 is scored when a homicide or homicide-related crime causes psychological injury to a member of a victim's family." *People v Calloway*, 500 Mich 180, 184; 895 NW2d 165 (2017) (footnote omitted). A score of 15 points is appropriate if "[s]erious psychological injury requiring professional treatment occurred to a victim's family[.]" MCL 777.35(1)(a). "In this context, 'serious' is defined as "having important or dangerous possible consequences." *Calloway*, 500 Mich at 186 (quotation marks and citation omitted). In scoring OV 5, a trial court should consider "the severity of the injury and the consequences that flow from it, including how the injury has manifested itself before sentencing and is likely to do so in the future, and whether professional treatment has been sought or received." *Id*.

At sentencing, the prosecutor informed the court that he had spoken with Key's family and that Key's daughter was "currently under therapy for grief counseling." The court also observed that there had been testimony demonstrating that family members were "overcome with grief . . . ." One of Key's children gave an impact statement in which she expressed her anger, confusion, grief, and despair at the loss of her father. Key's sister also spoke at sentencing, expressing that "the murder of [her] brother . . . was the worst day of [her] family's life" and "changed [their] lives forever." These statements, and the trial court's own assessment of the testimony at trial,[1] provided a reasonable basis for the court to conclude that Key's family members suffered serious psychological injury.

Defendant challenges the 15-point score on the basis that there was no record evidence that psychological treatment was necessary, sought, or intended to be sought by any member of Key's family. Firstly, defendant fails to address the statement that Key's daughter was undergoing grief counseling. In addition, and more importantly, MCL 777.35(2) directs a score of 15 points if the "serious psychological injury . . . *may* require professional treatment." (Emphasis added.) "In making this determination, the fact that treatment has not been sought is not conclusive." MCL 777.35(2). In *Calloway*, 500 Mich at 186, the Supreme Court explained that OV 5 "does not require proof that a victim's family member has already sought or received, or intends to seek or receive, professional treatment." Rather, "[p]oints are also properly assessed when the serious psychological injury may require professional treatment in the future, regardless of whether the victim's family member presently intends to seek treatment." *Id*. at 188. The nature and descriptions of the psychological effects of Key's death on his family members were sufficient to establish that even if professional treatment was not then being sought, it may be necessary in the future. Consequently, the trial court did not clearly err in assessing 15 points for OV 5. *Hardy*, 494 Mich at 438.

---

[1] "When calculating the sentencing guidelines, a court may consider all record evidence . . . ." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). It may also rely on inferences that arise from the record evidence when making the findings underlying its scoring of offense variables. *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012).

## B. OV 9

OV 9 concerns the number of victims, MCL 777.39(1), and a score of 25 points is appropriate if "[t]here were 10 or more victims who were placed in danger of physical injury or death[.]" MCL 777.39(1)(b). Each person placed in danger of injury or death during the commission of the sentencing offense is considered a "victim" for the purposes of scoring OV 9. *People v Gullett*, 277 Mich App 214, 217-218; 744 NW2d 200 (2007). "A person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim." *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013).

There was ample evidence to support that there were 10 or more persons who were placed in danger of physical injury or death during the shooting. The surveillance video clearly showed that more than 10 people were in the party room, near defendant and Key, at the time of the shooting. As the trial court aptly observed, "with numerous people around the shooting[,] [a]ny one of them could have been struck by a bullet[.]" Contrary to defendant's argument, the facts that the shooter "pointed the gun at one person . . . [who] ducked" and did not use "a semi-automatic weapon [to] spray[] multiple bullets in a confined area" are irrelevant. Regardless of defendant's intended target and ultimate victim, there were more than 10 additional people in the same room, all of whom were placed at risk of death or physical injury from the shooting. Indeed, the fact that defendant aimed the firearm at one person, yet fatally shot a different person, supports that any of the many people in close proximity to the shooting were at risk of harm. Accordingly, the trial court did not clearly err in assessing 25 points for OV 9. *Hardy*, 494 Mich at 438.

## II. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises a claim of ineffective assistance of counsel in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. Because defendant did not raise a claim of ineffective assistance of counsel in the trial court, and this Court denied his motion for a remand, *People v Carter*, unpublished order of the Court of Appeals, entered June 27, 2017 (Docket No. 335333), our review of this issue is limited to mistakes apparent on the record, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*.

Defendant argues that trial counsel was ineffective for failing to present a defense-of-others defense to justify the shooting. Specifically, defendant contends that threats had been made toward his family and he was concerned for the life of his young nephew, who, he asserts, "was in the middle of a melee . . . ." A defendant is entitled to have his counsel investigate, prepare, and present all substantial defenses. *In re Ayres*, 239 Mich App 8, 22; 608 NW2d 132 (1999). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and

citation omitted). Under the Self-Defense Act, MCL 780.971 *et seq.*, a person may use deadly force against another individual if (1) the person "is not engaged in the commission of a crime at the time he or she uses deadly force" and (2) the person "honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual." MCL 780.972(1)(a).

Defendant has not produced any evidence that he shot Key in the defense of his nephew, such that it would have been objectively reasonable for trial counsel to present this defense theory. The events surrounding the offense were not only established through witness testimony, but also by a surveillance video. Although, at an earlier point, defendant's young nephew may have been struck as he was in his mother's arms during a fight, the record does not show that defendant's nephew was in danger at the time defendant left the building, came back in with a firearm, and fired his weapon toward Itterlee, striking Key. In making his argument, defendant emphasizes the assaultive history of Itterlee's daughter and Key, but defendant aimed to shoot Itterlee, not Itterlee's daughter or Key. Defendant has not identified any evidence that Itterlee presented any threat, imminent or otherwise, to his nephew. In addition, even if Key was defendant's intended target, there was no evidence that Key presented a threat to defendant's nephew, and testimony revealed that Key was not armed. Thus, there is no indication that defendant fired his weapon with an honest and reasonable belief that the use of deadly force was necessary to prevent imminent death or imminent great bodily harm from being inflicted on his nephew. Consequently, trial counsel's decision not to pursue this defense was objectively reasonable, and there is no indication that the decision prejudiced defendant by depriving him of a substantial defense. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Affirmed.

/s/ Michael J. Talbot
/s/ Patrick M. Meter
/s/ Jonathan Tukel